IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RONALD E. RING, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | CIV-15-1300-F |
| v. | ) | |
| | ) | |
| ART LIGHTLE, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.[1] Petitioner is challenging his conviction for Burglary in the Second Degree entered in the District Court of Custer County, Case No. CF-2004-135. Respondent has moved to dismiss the action on the basis that the Petition is time-barred, and Petitioner has responded to the Motion. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). For the following reasons, it is recommended that the Petition be dismissed as time-barred.

I. Background

Petitioner is incarcerated in the custody of the Oklahoma Department of Corrections ("ODOC") serving a thirteen-year sentence for his first degree burglary conviction. On

---

[1]This action was originally filed in the United States District Court for the Eastern District of Oklahoma and transferred to this Court pursuant to 28 U.S.C. § 2241(d).

August 31, 2004, Petitioner entered a plea of *nolo contendere* to the charge of Burglary in the First Degree after one prior felony conviction in the District Court of Custer County, Case No. CF-2004-135. Petition, Ex. 1 ("Plea of No Contest Summary of Facts"); Ex. 3 ("Transcript of Plea of Nolo Contendere Had On The 31st Day of August 2004 Before The Honorable Charles L. Goodwin"). The court accepted the plea, and Petitioner was sentenced pursuant to a plea agreement to a 15-year term of imprisonment with all but the first two years of the sentence suspended, and with the sentence to run concurrently with his sentence in Case No. CF-99-29. Id. Petitioner was advised of his opportunity to appeal the conviction and sentence, but Petitioner did not move to withdraw the plea or otherwise seek to appeal the conviction and sentence. A written Judgment and Sentence was entered in the case on June 23, 2005. Petition, Ex. 4.

On December 1, 2008, the District Attorney of Custer County filed a Motion to Revoke Suspended Sentence in State v. Ring, Case No. CF-2004-135. The prosecutor alleged that Petitioner had violated the terms and conditions of his probation by being charged with a new felony offense of Domestic Abuse - Assault and Battery in the District Court of Custer County, Case No. CF-2008-426. Petition, Ex. 5.

On April 27, 2009, Petitioner appeared in court with an attorney for a hearing on the motion to revoke. Petition, Ex. 7. At the conclusion of the hearing, the court revoked Petitioner's suspended sentence "in full." Id. The court also revoked Petitioner's suspended sentence in Case No. CF-99-29. Petitioner was advised of his opportunity to appeal the revocation by filing a petition in error with the Oklahoma Court of Criminal Appeals

("OCCA") within 30 days. Id.

A Judgment and Sentence on Motion to Revoke Suspended Sentence was entered in the case on May 11, 2009. Petition, Ex. 6. In the Judgment and Sentence, Petitioner was ordered to serve a thirteen-year term of imprisonment in ODOC custody, to run concurrently with the revocation sentence in Case No. CF-99-29. Petitioner did not seek to appeal the revocation sentence.

On September 17, 2014, Petitioner, with private counsel, filed in the district court a Motion to Strictly Enforce Plea Agreement. Brief in Support of Motion to Dismiss, Ex. 4. Relying on Ferguson v. State, 143 P.3d 218 (Okla. Crim. App. 2006), and Pickens v. State, 158 P.3d 482 (Okla. Crim. App. 2007), Petitioner alleged that his plea was not knowingly and voluntarily entered because he was not advised during the plea or revocation proceedings that he would have to serve 85% of the revocation sentence.[2] Petitioner also asserted that he had been denied effective assistance of counsel because his counsel did not inform him of the statutory 85% rule during the plea negotiation process. In this motion, Petitioner did not seek to withdraw his plea. Rather, Petitioner requested "strict enforcement of the original 'Plea Agreement'" such that the 85% requirement "be removed" from his revocation sentence. Id.

The district court construed the motion as an application for post-conviction relief, and

---

[2]In Oklahoma, individuals who have been convicted of certain felony offenses on or after March 1, 2000, "shall serve not less than eighty-five percent (85%) of the sentence of imprisonment imposed within the Department of Corrections." Okla. Stat. tit. 21, § 13.1 (commonly known as the "85% Rule"). Earned credits cannot be used to reduce the length of the offender's sentence to less than 85% of the sentence imposed.

3

on March 31, 2015, the district court entered "Post-Conviction Findings" denying the application. Id., Ex. 5. Petitioner appealed this decision. The OCCA entered an order on July 23, 2015, affirming the district court's decision. Id., Ex. 6. The OCCA found that Petitioner had procedurally defaulted his claims by failing to timely move to withdraw his plea. The court also found that Petitioner was not entitled to an appeal out of time because "Petitioner's application to this Court and the record fail to establish Petitioner was denied a certiorari appeal through no fault of his own." Id.

II. Statute of Limitations Governing § 2254 Habeas Petitions by State Prisoners

Petitioner, who is currently incarcerated at the Jess Dunn Correctional Center in Taft, Oklahoma, filed his 28 U.S.C. § 2254 Petition in this Court on November 18, 2015. In the Petition, Petitioner contends that his guilty plea was "unlawfully induced or not made voluntarily with understanding of the nature of the charge and consequences of the plea" because he was not informed during the plea or revocation proceedings in state court that his conviction was subject to the 85% Rule. Petitioner alleges in a second ground for habeas relief that he was denied effective assistance of counsel because "during the plea negotiation process, [his defense] counsel never informed him of the statutory 85% Rule."

In Respondent's Motion to Dismiss, Respondent does not address the issue of whether Petitioner exhausted state remedies concerning his habeas claims. Under these circumstances, the Court should assume that Petitioner exhausted available state court remedies.

Respondent contends that federal habeas review of Petitioner's claims is barred due

4

to the expiration of the one-year limitations prescribed in either 28 U.S.C. §§ 2244(d)(1)(A) or 2244(d)(1)(D). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), effective April 24, 1996, imposes a one-year statute of limitations with respect to the filing of a 28 U.S.C. § 2254 petition by a state prisoner. 28 U.S.C. §2244(d)(1). As an Oklahoma prisoner seeking federal habeas relief, Petitioner's habeas Petition is governed by the AEDPA's amendments. See Lindh v. Murphy, 521 U.S. 320, 336 (1997)(AEDPA's amendments apply to habeas petitions filed after the AEDPA's effective date of April 24, 1996).

Under 28 U.S.C. § 2244(d)(1), the one-year limitations period begins to run from the latest of four alternative dates. Pursuant to 28 U.S.C. § 2244(d)(1)(A), the limitations period ordinarily runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." When an Oklahoma defendant's conviction is based on a guilty plea (or *nolo contendere* plea), the conviction would ordinarily be considered "final" ten days after sentencing. See Fleming v. Evans, 481 F.3d 1249, 1255 (10th Cir. 2007)(stating that a conviction became final ten days after an Oklahoma Defendant's entry of a guilty plea in the absence of a timely motion to withdraw or appeal).

In this case, Petitioner entered his plea and was sentenced on August 31, 2004. Under 28 U.S.C. § 2244(d)(1)(A), the conviction was final ten days later, on September 10, 2004. The one-year limitations period began to run the following day, on September 11, 2004, and expired on September 11, 2005.

5

The limitations period may also run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," *see* 28 U.S.C. § 2244(d)(1)(D), "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action," *see* 28 U.S.C. § 2244(d)(1)(B), or "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," *see* 28 U.S.C. §2244(d)(1) (C).

According to Respondent, the latest date on which Petitioner could have learned of the factual predicate for his claims pursuant to 28 U.S.C. § 2244(d)(1)(D) was September 12, 2009, after he was transferred to ODOC custody and ODOC officials provided him an information sheet reflecting that his sentence was subject to the 85% Rule.[3] Assuming the one-year limitations period began to run from this date, Respondent argues that Petitioner had until September 13, 2010, to file his federal habeas petition, and the instant Petition is therefore time-barred.

Petitioner asserts in response to the Motion to Dismiss, and in agreement with

---

[3]Respondent also argues that pursuant to 28 U.S.C. § 2244(d)(1)(A) Petitioner's conviction became final on September 10, 2004, ten days after his judgment and sentence was entered, and his one-year limitations period began to run on September 11, 2004, and expired one year later, on September 12, 2005. Respondent concedes, however, that Oklahoma did not require that defendants be advised of the sentencing consequences of the 85% Rule until 2006 and 2007 when the OCCA determined in a series of decisions that juries in a trial or defendants during plea negotiations must be apprised of the sentencing consequences of the 85% Rule prescribed in Okla. Stat. tit. 21, § 13.1, for offenses included in the statute.

6

Respondent's argument, that he first learned of the factual predicate for his claims in September 2009 when ODOC officials provided him a copy of his "New Arrival/Adjustment Review/Earned Credit Level" form upon his arrival in ODOC custody to serve his revocation sentences. Petitioner asserts that "[o]nce he discovered in 2009, that he was subject to the 85% Rule" he began to research a "proper remedy" and retained counsel to pursue post-conviction relief in 2012. Alternatively, Petitioner asserts that the 85% Rule statute is "Unconstitutional as applied to the Petitioner" and he should be entitled to equitable tolling of the limitations period. Petitioner's Response, at 10.

Although Okla. Stat. tit. 21, § 13.1, commonly known as the 85% Rule, became effective in July 1999 and expressly applied to certain felony offenses, including first degree burglary, committed on or after March 1, 2000, it was not until August 30, 2006, that the OCCA determined a defendant's negotiated plea of *nolo contendere* was invalid because he had not been advised of the sentencing consequences of the 85% Rule prescribed in Okla. Stat. tit. 21, § 13.1, prior to the plea. See Ferguson v. State, 143 P.3d 218 (Okla. Crim. App. 2006).

Nothing in the record indicates that Petitioner was advised of the 85% Rule in either his original plea proceeding or his revocation proceeding. Giving Petitioner the benefit of the doubt, the latest date on which he, with due diligence, could have learned of the factual predicate of his claims was September 12, 2009, when he learned that his revocation sentence was subject to the 85% Rule after he was transferred to ODOC custody. The record reflects that on September 12, 2009, ODOC officials provided Petitioner a completed "New

Arrival/Adjustment Review/Earned Credit Level" form that specifically stated his revocation sentence was subject to the "85%" Rule. Respondent's Brief in Support of Motion to Dismiss, Ex. 8. Petitioner signed this form and dated it September 12, 2009.

Under 28 U.S.C. § 2244(d)(1)(D), the one-year limitations period began to run on September 13, 2009, and expired one year later, on September 13, 2010. The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending...." 28 U.S.C. § 2244(d)(2). Petitioner's post-conviction application filed in September 2014 did not operate to statutorily toll the limitations period because it was not filed until four years after the limitations period expired. See Fisher v. Gibson, 262 F.3d 1135, 1142-1143 (10th Cir. 2001).

The Petitioner does not rely on a state impediment to the filing of his federal habeas action or a newly-recognized constitutional right, and the remaining alternative provisions of 28 U.S.C. § 2244(d)(1) do not apply.

In his responsive pleading, Petitioner seeks the benefit of equitable tolling of the expired limitations period. The limitations period may be equitably tolled in extraordinary circumstances. Holland v. Florida, 560 U.S. 631, 645 (2010). See Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir 2000)(AEDPA's statute of limitations subject to equitable tolling in "rare and exceptional circumstances"). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544

U.S. 408, 418 (2005). "Simple excusable neglect is not sufficient. . . . [A] claim of insufficient access to relevant law, such as AEDPA, is not enough to support equitable tolling." Gibson, 232 F.3d at 808.

As his argument in favor of equitable tolling, Petitioner states only that he was pursuing administrative remedies and researching other remedies after he discovered the factual predicate for his claims and that he did not obtain counsel to pursue post-conviction relief in the state courts until 2012.

Petitioner has not demonstrated extraordinary circumstances preventing him from timely filing his habeas action. Petitioner simply neglected to pursue his federal claims until after the limitations period expired, and such neglect does not establish an extraordinary circumstance. See Gibson, 232 F.3d at 808; Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000)("ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing")(internal quotation marks omitted).

Petitioner has not "allege[d] with specificity 'the steps he took to diligently pursue his federal claim[s].'" Yang v. Archuleta, 525 F.3d 925, 930 (10th Cir. 2008)(quoting Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998)). Thus, he has not shown due diligence, and the equitable tolling exception does not apply. Petitioner has also failed to make a "substantial claim of actual innocence," and he is not entitled to equitable tolling based on this limited exception. See Lopez v. Trani, 628 F.3d 1228, 1230 (10th Cir. 2010)(if a prisoner makes a "substantial claim of actual innocence," the prisoner need not show due diligence in pursuit of federal habeas relief).

9

Accordingly, as federal habeas review of the merits of Petitioner's claims is barred by the expiration of the applicable limitations period, the Petition should be dismissed.

RECOMMENDATION

Based on the foregoing findings, it is recommended that Respondent's Motion to Dismiss (Doc. # 10) be GRANTED and the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DISMISSED as time-barred. The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court by ___February 1st___, 2016, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this __12th__ day of ___January___, 2016.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE